UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-P115-H

ALONZO CHAPPELL                   PETITIONER

V.

UNITED STATES OF AMERICA, and
FEDERAL BUREAU OF PRISONS            RESPONDENTS

**MEMORANDUM OPINION AND ORDER**

    Petitioner, Alonzo Chappell, has filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241. His complaint is that after being received in federal custody he was transferred back to state custody to serve his state sentence. As a result, Petitioner may serve his state and federal sentences consecutively. The United States has urged the Court to deny the petition. Under these circumstances, the Court can find no basis for granting the writ.

I.

    On December 6, 1999, Chappell was charged in Jefferson Circuit Court with two counts of criminal possession of a forged instrument. On January 2, 2000, the Commonwealth Attorney filed a motion to revoke Chappell's probation from a previous ten-year sentence for robbery in the first degree. Chappell was charged in a federal indictment on January 3, 2000, and taken into federal custody, pursuant to a writ, on January 18, 2000. After pleading guilty to one count of bank robbery and one count of use of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 2113(a) and 924(c)(1), Chappell was sentenced to a total of 106 months imprisonment

and five years supervised release. After sentencing, Chappell was returned to the custody of the Commonwealth of Kentucky, where his previous probation was revoked and the original ten year sentence was imposed. Chappell also pled guilty to criminal possession of a forged instrument in Jefferson Circuit Court and was sentenced to one year imprisonment. Both state judgments ordered Chappell's sentence to be served concurrent to the federal sentence.

On October 15, 2000, Chappell was transferred back to federal custody and was assigned to FCI Manchester federal prison. The Bureau of Prisons ("BOP") determined that an error had occurred and transferred Chappell to Kentucky's custody. The United States Marshals filed a detainer against Chappell for his return to federal custody to serve his 106-month sentence, after completion of his state sentence.

Chappell now complains that the BOP and the United States have relinquished custody over him, and he requests to be relieved from serving his federal sentence. Chappell also argues that he has been denied his due process and equal protection rights to have his federal and state sentences to be served concurrently in accordance with the state judge's orders.

II.

Simply because the United States has released Petitioner from its custody does not mean that it has somehow lost its jurisdiction over the prisoner. *McCain v. Webb*, No. 02-6059, 2003 WL 1795863 (6th Cir. April 1, 2003) (*Murray v. United States*, 334 F.2d 616 (9th Cir. 1964)). Here, the federal judgment is silent to whether that term is to be served consecutively or concurrently with any other sentence. Federal law states that "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). While in state custody, those officials may determine the

2

length of his sentence to serve. Thereafter, federal officials have the same authority over his federal sentence. Upon Petitioner's remand to the custody of the BOP, it will be for the BOP to determine whether he will be entitled to credit for time served on the state charges. Title 18 U.S.C. § 3585(b)(1) would appear to entitle Chappell to credit only if he was in official detention during the time in question as a result of the federal offense. In any event, that issue will be determined at a later date. Also, to be determined at a later date is the issue of whether the federal detainer may be enforced at the conclusion of Petitioner's state sentence. The Court suggests no reason why it cannot be enforced.

### III.

The only question remaining is whether Petitioner is being required to serve an illegal installment sentence. The Court does not believe that these circumstances qualify.

The discussion in *Cox v. United States*, 551 F.2d 1096 (7th Cir. 1977), best explains why the doctrine does not apply here. Cases enforcing illegal installment sentences have usually concerned an official's disobedience of a court order or a prisoner's unconditional release prior to completion of his sentence. *Id.* at 1099. Those circumstances do not apply here.

The Tenth Circuit's decision in *Weekes v. Fleming*, 301 F.3d 1175 (10th Cir. 2002) does not change this analysis. At bottom, *Weekes* concerned itself with the question of whether the prisoner was entitled to credit for time served on a state charge. This Petitioner has yet to begin, much less exhaust, his administrative remedies with respect to that issue.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Petitioner's writ of habeas corpus is DENIED and his petition is DISMISSED.

This is a final order.

cc:    Alonzo Chappell, Petitioner
       United States Attorney